[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-entitled eminent domain matter [1] was referred to the undersigned as a State Trial Referee after the parties indicated that negotiations between had resulted in a settlement proposal acceptable to them. It then became my function to determine whether the proposal settlement figure in the amount of THIRTY THOUSAND NINE HUNDRED DOLLARS ($30,900.00) reached by the parties after negotiations is reasonable.
On September 24, 1991, a hearing took place before the undersigned in the New Haven Judicial District Courthouse at which a number of exhibits were admitted into evidence. Counsel presented also offered a stipulation for the Court's approval.
After an examination and assessment of the record, the evidence adduced and the claims of counsel, the court makes the following findings and conclusions:
 1. The date of the taking of the property involved was January 31, 1991.
 2. The amount deposited with the Clerk of the Superior Court for the Judicial District of New London at New London at the time of the taking was twenty-nine thousand four hundred dollars ($29,400.00).
 3. The amount deposited, i.e. $29,400.00, has not been paid to the plaintiff.
CT Page 9448
 4. The defendant Commissioner of Transportation shall pay the total amount of thirty thousand nine hundred dollars ($30,900.00) as compensation to the plaintiffs for the taking of its property in Groton as the taking is more fully described in the court file on this appeal.
 5. The difference between the two amounts is in the amount of fifteen hundred dollars ($1,500.00).
 6. Counsel for the parties have agreed that the damages resulting from the taking of the Commissioner of Transportation is thirty thousand nine hundred dollars ($30,900.00).
 7. The damages to the plaintiff's property resulting from the taking of the defendant Commissioner of Transportation on the date of taking is thirty thousand nine hundred dollars ($30,900.00).
 8. There shall be no appraisal fees, interest or costs awarded as counsel have so agreed.
 9. This Court concludes that the total compensation in the amount of thirty thousand nine hundred dollars ($30,900.00) as damages is reasonable and fair under the circumstances and that judgment in that amount is so entered.
Arthur H. Healey State Trial Referee